UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SERGEI IVANCHENKO,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-CV-1892 JLS (DDL)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Sergei Ivanchenko's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the reasons set forth below, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

**BACKGROUND**

Petitioner is a citizen and national of Russia with Ukrainian Russian ethnicity who entered the United States on a F-1 student visa on October 5, 2019. Pet. ¶ 1. Petitioner has resided in the United States ever since despite his visa expiring on August 2, 2020. Ret. at 4, Ex. 3 at 4. On September 2, 2020, Petitioner applied for asylum. Pet. ¶ 2. Petitioner has attended his biometrics appointments and interviews scheduled by USCIS and was

1

granted work authorization. *Id.* ¶¶ 4–6. On March 1, 2026, Petitioner was driving for Uber when he accidentally approached the gate at Camp Pendleton and was stopped. *Id.* ¶ 7. Petitioner was then transported to the Otay Mesa Detention Center where he was issued a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. Ret. at 2. Petitioner was charged as removable under 8 U.S.C. § 1227(a)(1)(B) as an individual who was admitted to the United States and has remained for a time longer than permitted by law (i.e., a visa overstay). *Id.* On January 30, 2026, Petitioner had a bond hearing scheduled pursuant to 8 U.S.C. § 1226(a). *Id.* at 3. Petitioner withdrew the request for a bond hearing "so that he could gather more evidence." *Id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner brings the current Petition arguing that Respondents' revocation of Petitioner's "liberty" without notice or a neutral determination of his circumstances violated the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. *See generally* Pet. Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) as an alien removable under 8 U.S.C. § 1227(a)(1)(B) as an

26-CV-1892 JLS (DDL)

individual who overstayed their visa.  Ret. at 3.  Respondents contend that "Petitioner is entitled to a bond hearing before an immigration judge, which he has yet to request and adjudicate on the merits."  *Id.* at 3.  Respondents also argue that any "re-detention" due process argument—i.e., that Petitioner was re-detained without notice or evidence of changed circumstances—fails because Petitioner has never been previously detained or released.[1]  *Id.* at 4.  The Court agrees with Respondents.

Petitioner entered the United States on a F-1 student visa which expired in August of 2020, thus making him "an individual who was admitted to the United States but remained for a time longer than permitted by law."  Ret. at 2; Ex. 3 at 4.  Because of this, Petitioner was deemed removable under 8 U.S.C. § 1227(a)(1)(B) and placed into removal proceedings under § 8 U.S.C. § 1229a.  *Id.* at 3.  Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Petitioner is now detained waiting for the adjudication of his removal proceedings and asylum application—thus, rightfully placing him in detention subject to § 1226(a).  Further, Petitioner had a bond hearing scheduled under § 1226(a) that he requested to withdraw.  Ret. at 3.  Respondents state that "Petitioner is entitled to a bond hearing before an immigration judge, which he has yet to request and adjudicate on the merits."  *Id.*

Petitioner "bears the burden of demonstrating that '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Zhang v. LaRose*, No. 26-CV-1299-RSH-SBC, 2026 WL 794202, at *1 (S.D. Cal. Mar. 20, 2026) (quoting 28 U.S.C. § 2241(c)(3)).  The Court finds that Petitioner has not demonstrated that his custody is in violation of the Constitution or laws or treaties of the United States.  Petitioner does not

---

[1] Respondents also make several arguments regarding jurisdiction and exhaustion that the Court need not decide to resolve the Petition.  Ret. at 5–10.  Nonetheless, the Court notes that it has previously found jurisdiction and waived exhaustion for similar challenges.  *See, e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *2 (S.D. Cal. Nov. 3, 2025); *Equivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025).

26-CV-1892 JLS (DDL)

argue he is improperly detained under § 1226(a). Nor could he, as the Court finds that he is properly detained under § 1226(a) as a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States."

Instead, Petitioner argues that his initial detention was improper because Respondents "categorically revok[ed] Petitioner's liberty" without a "prior individualized custody determination." Pet. ¶¶ 35–42. If Petitioner was previously detained and released on parole, a pre-deprivation consideration of his individualized circumstances would be required. *See e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of her due process rights."). However, here, Petitioner has never been detained, and thus, there has been no initial determination by DHS that Petitioner poses no danger to the community and is not a flight risk. *See id.* ("Since DHS's initial determination that Petitioner should be paroled because she posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed."). Rather, DHS's initial determination of Petitioner's danger to the community will be during his § 1226(a) bond hearing, which has yet to occur. Ret. at 3. Further, Petitioner argues that his work authorization and pending asylum application create a liberty interest in remaining out of custody, but Petitioner does not provide any authority supporting this assertion nor is the Court aware of any. Pet. ¶¶ 22–34.

The Court is not convinced that Petitioner has demonstrated a liberty interest in his release requiring any additional due process protections than Petitioner is already entitled. Petitioner will receive a bond hearing under § 1226(a), if he requests one. Therefore, the Petition is **DENIED** on due process grounds.

Regarding Petitioner's APA argument, Petitioner also argues that Respondents have violated the APA by categorically revoking Petitioner's liberty and transferring him to the Otay Mesa Detention Center without consideration of his individualized facts and circumstances. Pet. ¶¶ 53–56. However, the Court agrees with Respondents that

4

"[Section] 704's requirement that to proceed under the APA, agency action must be final or otherwise reviewable by statute is an independent element without which courts may not determine APA claims." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017). Here, Petitioner's removal proceedings are ongoing, and he has yet to have his initial § 1226(a) bond hearing. Ret. at 10. There is no final agency action to be reviewed for abuse of discretion as Petitioner requests. Therefore, the Petition is **DENIED** on APA grounds.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). Regarding Petitioner's concerns that the Immigration Judge will deny bond for lack of jurisdiction, Traverse at 3–4, Petitioner can file another petition if bond is denied on jurisdictional grounds. The Court finds ordering a bond hearing under § 1226(a) premature at this stage, as Respondents correctly state that he "is entitled to a bond hearing before an immigration judge" and can request one at any time. Ret. at 3. As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 10, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

26-CV-1892 JLS (DDL)